IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFORY CHAD TURNER**                                           **PETITIONER**

**V.**                                                    **CAUSE NO. 3:21-CV-00235-MPM-JMV**

**STATE OF MISSISSIPPI**                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jeffory Chad Turner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred. Petitioner has responded to the motion, and Respondent has filed a reply. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

## Factual and Procedural Background

Petitioner Jeffory Chad Turner is currently in the custody of the Mississippi Department of Corrections and housed at the Chickasaw County Regional Correctional Facility located in Houston, Mississippi. *See* Doc. #s 1, 5. On April 19, 2017, Turner was convicted of child exploitation in the Circuit Court of DeSoto County, Mississippi, and was sentenced on June 15, 2017, to a term of seventeen (17) years, with seven years to serve, followed by ten years of post-release supervision. Doc. # 5-1. Turner's conviction and sentence were affirmed by the Mississippi Court of Appeals on December 4, 2018. Doc. # 5-2, *see also Turner v. State*, 276 So. 3d 1224 (Miss. Ct. App. 2018), *reh'g denied*, April 16, 2019. The Mississippi Supreme Court denied Turner's petition for writ of certiorari on August 15, 2019. Doc. # 5-3. Turner did not seek certiorari review in the United States Supreme Court.

Through counsel, Turner submitted a "Motion for Leave to Proceed in the Trial Court with a Petition for Post-Conviction Relief" which was stamped as "filed" in the Mississippi Supreme Court on August 14, 2020. Doc. # 5-4. The Mississippi Supreme Court entered an Order on December 4, 2020, denying Turner's motion as "not well-taken." Doc. # 5-5. The Mississippi Supreme Court subsequently entered an Order on December 18, 2020, dismissing Turner's motion for rehearing, finding that, under the Mississippi Rules of Appellate Procedure, reconsideration was neither permitted nor warranted. Doc. # 5-6.

Turner signed the instant petition for federal habeas corpus relief on November 5, 2021, and it was stamped as "Received" by this Court on November 9, 2021. Doc. # 1. On November 15, 2021, the Court entered an Order directing Respondent to answer Turner's petition on or before January 29, 2022. Doc. # 3. Just days later, on November 19, 2021, Respondent moved to dismiss Turner's petition as untimely filed. Doc. # 5. Turner filed a "Special Traverse" in response to the motion on December 20, 2021. Doc. # 8. Respondent filed its reply in support of its motion on January 3, 2022. Doc. # 9. The matter is now ripe for resolution.

## **Legal Standard**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion to dismiss should be granted turns on the statute's limitation period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United

>> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## **Analysis**

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Turner did not seek certiorari review, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on November 13, 2019, which is ninety (90) days after the Mississippi Supreme Court denied Turner's petition for certiorari in that Court (August 15, 2019, plus 90 days).[1] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Turner's federal habeas petition must have been filed on or before November 13, 2020, to be deemed timely. *See* 28 U.S.C. §

---

[1] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Turner must have filed an application for post-conviction relief ("PCR") on or before November 13, 2020, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Through counsel, Turner submitted a PCR motion which was stamped as "filed" on August 14, 2020. The Mississippi Supreme Court entered an Order denying Turner's motion on December 4, 2020. The Mississippi Supreme Court subsequently dismissed Turner's motion for rehearing on December 18, 2020.

As Turner's PCR motion was filed within the one-year limitation period delineated in the AEDPA, the statute of limitations for pursuing federal habeas relief was tolled during the pendency of Turner's pursuit for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). As set forth above, Turner's PCR motion was properly filed on August 14, 2020, and the Mississippi Supreme Court denied his final request for reconsideration on December 18, 2020. *See Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (holding that a motion for reconsideration before the Mississippi Supreme Court constitutes a "properly filed" motion for post-conviction collateral relief, and the AEDPA's one-year limitations period is tolled while that motion is pending decision). The AEDPA statute of limitations was, therefore, tolled for one hundred twenty-six (126) days during the pendency of Turner's pursuit for post-conviction relief (from August 14, 2020, until December 18, 2020). Consequently, Turner's federal habeas petition must have been filed on or before March 19, 2021 (November 13, 2020, plus 126 days = March 19, 2021) to be deemed timely filed.

Under the "mailbox rule," the Court considers Turner's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398,

401 (5th Cir. 1999). Turner signed his petition on November 5, 2021, *see* Doc. # 1, p. 14, and the envelope in which it was mailed also reflects a postage date of November 5, 2021. *See id.* at 15. Thus, Turner filed the instant petition almost eight months after the March 19, 2021, deadline for filing said petition. Consequently, the Court may review the merits of Turner's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

Although Turner does not specifically argue for the application of equitable tolling, he does insist that his untimeliness should be excused, and proffers two reasons in support. First, Turner alleges that his post-conviction counsel "told [him] that his one-year statute of limitations to file federal habeas would not be effected [sic] by the post-conviction proceedings when asked." Doc. # 8, p. 1. According to Turner, he understood this to mean that he had one year from the exhaustion of state remedies to seek federal habeas relief. *Id.*

Even taking Turner's allegations as true, relief is not warranted on this basis. To warrant equitable tolling, the petitioner must demonstrate some act of attorney deception or professional misconduct rising to the level of "egregious behavior." *See Holland*, 560 U.S. at 649-53; *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). At most, Turner merely alleges that he received mistaken or bad advice

amounting to "mere attorney error or neglect [which] is not an extraordinary circumstance such that equitable tolling is justified." *Riggs*, 314 F.3d at 799; *see also Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011); *Withers v. Jones*, 2010 WL 3328267, at * 3 (S.D. Miss. July 29, 2010).

Turner additionally argues that his untimeliness should be excused due to the COVID-19 pandemic. Turner, however, fails to demonstrate in what way(s) the pandemic prevented him from timely filing his federal habeas petition. "[M]ere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance'" warranting the application of equitable tolling. *Young v. Mississippi*, 2021 WL 4190646, at * 5 (S.D. Miss Aug. 6, 2021) (citations omitted). Moreover, Turner has not shown that he otherwise acted diligently in pursuing federal habeas relief. *See Page v. Mills*, 2021 WL 4227059, at * 3 (S.D. Miss. Sept. 16, 2021); *Evans v. Fitch*, 2021 WL 151738, at * 3 (S.D. Miss. Jan. 17, 2021).

In sum, the Court finds that equitable tolling is not warranted under these circumstances. Thus, Turner's petition is untimely filed, and Respondent's motion to dismiss should be granted.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Turner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Turner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondent's Motion to Dismiss [5] and **DISMISSES with prejudice** the petition filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 12th day of January, 2022.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**